# United States Court of Appeals for the Federal Circuit

---

**IN RE: TC HEARTLAND LLC,**
*Petitioner*

---

2016-105

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in No. 1:14-cv-00028-LPS, Chief Judge Leonard P. Stark.

---

**ON PETITION**

---

JOHN F. DUFFY, Hughes Hubbard & Reed LLP, Washington, DC, argued for petitioner. Also represented by JAMES W. DABNEY, RICHARD KOEHL, STEFANIE M. LOPATKIN, WANDA DELORIS FRENCH-BROWN, New York, NY.

JOHN DAVID LUKEN, Dinsmore & Shohl LLP, Cincinnati, OH, argued for respondent. Also represented by JOSHUA LORENTZ.

BRIAN DAVID LEDAHL, Russ August & Kabat, Los Angeles, CA, for amici curiae Guy Fielder, Jon D. Paul, Network-1 Technologies, Inc., Neurografix, Paul Morinville, Scientific Telecommunications, LLC, US Inventor, Inc. Also represented by MARC AARON FENSTER.

VERA RANIERI, Electronic Frontier Foundation, San Francisco, CA, for amici curiae Electronic Frontier Foundation, Public Knowledge, Engine Advocacy. Also represented by CHARLES DUAN, Public Knowledge, Washington, DC.

JOHN D. VANDENBERG, Klarquist Sparkman, LLP, Portland, OR, for amici curiae Acushnet Company, Adobe Systems Incorporated, Asus Computer International, Demandware, Inc., Dropbox, Inc., Ebay, Inc., Google Inc., HP Inc., HTC America, Inc., InterActiveCorp, Intuit, Inc., L Brands, Inc., Lecorpio LLC, LinkedIn Corp., Macy's, Inc., Newegg Inc., North Carolina Chamber, North Carolina Technology Association, QVC, Inc., SAP America, Inc., SAS Institute Inc., Symmetry LLC, Vizio, Inc., Xilinx, Inc. Also represented by ROBERT TODD CRUZEN, KLAUS H. HAMM.

———————————

Before MOORE, LINN, and WALLACH, *Circuit Judges.*

MOORE, *Circuit Judge.*

# **O R D E R**

TC Heartland LLC ("Heartland") petitions for a writ of mandamus to direct the United States District Court for the District of Delaware to either dismiss or transfer the patent infringement suit filed against it by Kraft Foods Group Brands LLC ("Kraft"). We deny Heartland's petition.

## BACKGROUND

Heartland is a limited liability company organized and existing under Indiana law and headquartered in Indiana. *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. 14-28-LPS, 2015 WL 4778828, at *1 (D. Del. Aug. 13, 2015) ("Magistrate's Report"). Respondent Kraft is organized and exists under Delaware law and its prin-

cipal place of business is in Illinois. *Id.* Kraft filed suit against Heartland in the United States District Court for the District of Delaware alleging that Heartland's liquid water enhancer products ("accused products") infringe three of Kraft's patents. *Id.* at *1–2. Heartland moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *Id.* at *1. It also moved to either dismiss the action or transfer venue to the Southern District of Indiana under 28 U.S.C. §§ 1404 and 1406. *Id.*

Before the district court, Heartland alleged that it is not registered to do business in Delaware, has no local presence in Delaware, has not entered into any supply contracts in Delaware or called on any accounts there to solicit sales. But Heartland admitted it ships orders of the accused products into Delaware pursuant to contracts with two national accounts. In 2013, these shipments, which contained 44,707 cases of the accused product that generated at least $331,000 in revenue, were about 2% of Heartland's total sales of the accused products that year. The Magistrate Judge, applying, *inter alia*, our precedent from *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994), determined that it had specific personal jurisdiction over Heartland for claims involving the accused products. He also rejected Heartland's arguments that Congress' 2011 amendments to 28 U.S.C. § 1391 changed the law governing venue for patent infringement suits in a manner which nullified our holding in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990). The district court adopted the Magistrate Judge's report in all respects and denied Heartland's motions. *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. 14-28-LPS, 2015 WL 5613160, at *1–2 (D. Del. Sept. 24, 2015) ("District Court Order"). In so doing, the district court specifically stated that the Magistrate Judge correctly concluded that *Beverly Hills Fan* governed the personal jurisdiction analysis and that

Congress' 2011 amendments to 28 U.S.C. § 1391 "did not undo" our decision in *VE Holding*. *Id.* We agree.

## DISCUSSION

A writ of mandamus is an extraordinary remedy appropriate only in exceptional circumstances, such as those amounting to a judicial "usurpation of power" or a clear abuse of discretion. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004). Three conditions must be satisfied before issuing the writ: 1) the petitioner must have no other adequate means to attain the relief he desires; 2) the petitioner has the burden to show his right to mandamus is "clear and indisputable"; and 3) the issuing court must be satisfied that the writ is appropriate under the circumstances. *Id.* at 380–81. The parties do not address all three parts of the *Cheney* test in their briefing, focusing instead on only the second part. We likewise confine our analysis to only the second part of the *Cheney* test.

Heartland argues that it is entitled to a writ of mandamus based on two legal theories. First, it argues that it does not "reside" in Delaware for venue purposes according to 28 U.S.C. § 1400(b). Second, it argues that the Delaware district court lacks specific personal jurisdiction over it for this civil action. We conclude that a writ of mandamus is not warranted. The arguments raised regarding venue have been firmly resolved by *VE Holding*, a settled precedent for over 25 years. The arguments raised regarding personal jurisdiction have been definitively resolved by *Beverly Hills Fan*, a settled precedent for over 20 years. As a panel, we are bound by the prior decisions of this court.

## A. Venue

With respect to venue, Heartland argues that Congress' 2011 amendments to 28 U.S.C. § 1391 changed the statutory law in a manner which effectively overruled *VE*

*Holding*: "To be clear, the argument set forth here is that this Court's holding in *VE Holding* no longer applies given the changed language in §§ 1391(a) and (c)." Pet. 9. We do not agree. In *VE Holding*, this court held that the definition of corporate residence in the general venue statute, § 1391(c), applied to the patent venue statute, 28 U.S.C. § 1400. The 2011 amendments to the general venue statute relevant to this appeal were minor. The language preceding the definition of corporate residence in § 1391 was changed from "For the purposes of venue under this chapter . . ." to "For all venue purposes . . . ." *Compare* 28 U.S.C. § 1391(c) (1988) *with* 28 U.S.C. § 1391(c) (2011). This is a broadening of the applicability of the definition of corporate residence, not a narrowing. This change in no manner supports Heartland's arguments.

The only other relevant 2011 amendment is the addition of the language in § 1391(a), "Applicability of section.--Except as otherwise provided by law." Heartland argues that the "law" otherwise defined corporate residence for patent cases and therefore the statutory definition found in § 1391(c) is no longer applicable to patent cases. As Heartland itself acknowledges, "most special venue statutes have not been held to encompass particular rules about residency, and thus subsection (c) can apply to such statutes wherever they are found in the U.S. Code." Pet. 7–8. The patent venue statute, 28 U.S.C. § 1400(b), provides in its entirety: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." It is undisputed that the patent venue statute itself does not define corporate residence and thus there is no statutory "law" that would satisfy Heartland's claim that Congress intended in 2011 to render § 1391(c)'s definition of corporate residence inapplicable to venue for patent cases. However, Heart-

land argues that Congress intended to include federal
common law limited to Supreme Court precedent in the
law which could otherwise define corporate residence and
thus render the statutory definition of § 1391(c) inappli-
cable.[1]  Accepting without deciding whether Heartland is
correct that "except as otherwise provided by law" in-
cludes such federal common law, Heartland has not
established that federal common law actually supports its
position.  Heartland asks us to presume that in the 2011
amendments Congress codified the Supreme Court's
decision in *Fourco Glass Co. v. Transmirra Products
Corp.*, 353 U.S. 222 (1957) regarding the patent venue
statute that was in effect prior to the 1988 amendments.
We find this argument to be utterly without merit or logic.
The venue statute was amended in 1988 and in *VE Hold-
ing,* this court held that those amendments rendered the
statutory definition of corporate residence found in § 1391
applicable to patent cases.  In *VE Holding*, we found that
the Supreme Court's decision in *Fourco* with regard to the
appropriate definition of corporate residence for patent
cases in the absence of an applicable statute to be no
longer the law because in the 1988 amendments Congress
had made the definition of corporate residence applicable
to patent cases.   28 U.S.C. § 1391(c) (1988) ("For the
purposes of venue under this chapter").   In 1988, the
common law definition of corporate residence for patent
cases was superseded by a Congressional one.  Thus, in
2011, there was no established governing Supreme Court
common law ruling which Congress could even arguably

---

[1]    *Dubitante*:  Heartland's briefs cite nothing to sup-
port its idea that the general statement "except as other-
wise provided by law" was meant to codify Supreme Court
common law.  And the briefs do not cite a single case
holding that Congress codified Supreme Court common
law into a statute using such general language like that
at issue here.

have been codifying in the language "except otherwise provided by law."

Heartland cites to a single sentence in a footnote in the Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 577 n.2 (2013), to argue "the Supreme Court showed its belief that § 1391 is not applicable to patent cases, and § 1400 is." Reply 9. Heartland's argument misses its mark. The Supreme Court's footnote states in its entirety: "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply. Cf., *e.g.*, § 1400 (identifying proper venue for copyright and patent suits)." *Atl. Marine Constr. Co.*, 134 S. Ct. at 577 n.2. It is undisputed that § 1400 is a specific venue provision pertaining to patent infringement suits. But what Heartland overlooks, and what *Atlantic Marine* does not address, is that § 1400(b) states that venue is appropriate for a patent infringement suit "where the defendant resides" without defining what "resides" means when the defendant is a corporation. The general statement in this footnote is completely accurate, but cannot be transmogrified into the argument made by Heartland. "[T]he general statute, § 1391(c), expressly reads itself into the specific statute, § 1400(b)," "only operates to define a term in § 1400(b)," and does not "conflict with § 1400(b)." *VE Holding*, 917 F.2d at 1580.

Heartland has presented no evidence which supports its view that Congress intended to codify *Fourco* in its 2011 amendments. In fact, before and after these amendments, in the context of considering amending the patent venue statute, Congressional reports have repeatedly recognized that *VE Holding* is the prevailing law. *See* H.R. Rep. No. 110–314, at 39–40 (2007); S. Rep. No. 110–259, at 25 (2008); H.R. Rep. No. 114–235, at 34 (2015) (stating that "Congress must correct" our holding in *VE Holding* by amending § 1400); *cf.* Venue Equity and

Non-Uniformity Elimination Act of 2016, S. 2733, 114th Cong. § 2(a) (2016).[2]  Even if Congress' 2011 amendments were meant to capture existing federal common law, as Heartland argues, regarding the definition of corporate residence for venue in patent suits, *Fourco* was not and is not the prevailing law that would have been captured. We reject Heartland's argument that in 2011 Congress codified the common law regarding venue in patent suits as described in *Fourco*.

## B.  Personal Jurisdiction

Heartland's argument regarding personal jurisdiction in this case is, as the Magistrate Judge noted, difficult to follow.[3]  Heartland appears to be arguing that 1) the Supreme Court's recent decision in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014), makes clear that specific personal jurisdiction can only arise from activities or occurrences taking place in the forum state, and 2) Federal Circuit case law makes clear that each act of patent infringement gives rise to a separate cause of action, such that 3) the logical combination of these two points of law means that the Delaware district court has specific personal jurisdiction over Heartland for allegedly infringing acts that occurred in Delaware only, not those

---

[2]    In fact, the 2007 House Report indicates that the House Judiciary Committee "believes that simply returning to the 1948 venue framework [i.e., that described in *Fourco*] would be too strict for modern patterns of technology development and global commerce."  H.R. Rep. No. 110–314, at 40 (2007).

[3]    It appears that Heartland does not contest jurisdiction under Delaware's long-arm statute.  As such, we, like the district court, interpret Heartland's argument to be that the Delaware district court lacks specific personal jurisdiction under the Due Process Clause of the Fourteenth Amendment.

occurring in other states.[4]  Applied to the facts of record, under Heartland's argument, the Delaware district court would only have specific personal jurisdiction over the approximately 2% of Heartland's 2013 sales of the accused product (i.e., 44,707 cases of the accused product that generated at least $331,000 in revenue) that Heartland shipped into Delaware.  Thus, to resolve nationwide the same issues as in this Delaware infringement suit, Kraft would have to bring separate suits in all other states in which Heartland's allegedly infringing products are found.   Alternatively, under Heartland's argument, Kraft could opt to bring one suit against Heartland in Heartland's state of incorporation.[5]

---

[4]     Heartland argues even for the 2% of products it shipped to Delaware it did not "purposefully avail" itself of the privilege of conducting activities in Delaware and thus the due process requirement for specific personal jurisdiction is not met.  Heartland has not established that it is clearly and indisputably entitled to relief on this point.

[5]     In its Reply and its rebuttal at oral argument, Heartland made a new argument that it asserts is a "complete answer:" that Kraft would be able to bring a single suit in a jurisdiction other than where Heartland is incorporated because "[u]nder Federal Rule of Civil Procedure 4(k)(1)(C), a patentee can obtain personal [jurisdiction] by serving process under [28 U.S.C.] § 1694 and thereby obtain complete relief in any district where a defendant 'has committed acts of infringement and has a regular and established place of business.'"   Reply 1 (quoting 28 U.S.C. § 1400(b)).   Heartland did not raise this argument before the district court.  In fact, Heartland made a contradictory argument before the district court, stating in its opening brief to the Magistrate Judge that "[t]here is no federal statute that authorizes service of

Heartland's arguments are foreclosed by our decision in *Beverly Hills Fan*. In that case, we held that the due process requirement that a defendant have sufficient minimum contacts with the forum was met where a nonresident defendant purposefully shipped accused products into the forum through an established distribution channel and the cause of action for patent infringement was alleged to arise out of those activities. *Beverly Hills Fan*, 21 F.3d at 1565; *see also Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, Nos. 2015-1456, 2015-1460, 2016 WL 1077048, at *7 (Fed. Cir. Mar. 18, 2016) (determining that the minimum contacts requirement was met where a defendant contracted with a network of independent wholesalers and distributors to market the accused product in Delaware, the forum state). Such is the case here. Heartland admits that it shipped orders of the accused products directly to Delaware under contracts with what it characterizes as "two national accounts" that are headquartered outside of Delaware. And Heartland does not dispute that Kraft's patent infringement claims arise out of or relate to these shipments. This is sufficient for minimum contacts.

---

originating process in patent cases, so Federal Rule of Civil Procedure 4(k)(1)(C) does not apply." Heartland's Opening Br. at 5, *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. 14-28-LPS (D. Del. June 23, 2014), ECF No. 8. And Heartland did not raise this argument in its petition for a writ of mandamus. Thus, Kraft did not have an opportunity to respond to Heartland's new argument, and, based on Heartland's arguments before the district court, it would not have expected to face such an argument. Heartland's belated raising of this new argument is especially inappropriate in the context of a petition for a writ of mandamus.

We also held in *Beverly Hills Fan* that, even where there are sufficient minimum contacts under a stream of commerce theory or otherwise, due process also requires that a forum's assertion of jurisdiction be reasonable, considering all the facts and circumstances of a case. *Beverly Hills Fan*, 21 F.3d at 1568; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1947) (explaining that due process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'"). We explained that the forum state had significant interests in discouraging injuries that occur within the state, such as patent infringement, and in cooperating with other states to provide a forum for efficiently litigating a plaintiff's cause of action. *Beverly Hills Fan*, 21 F.3d at 1568. We further explained that the plaintiff could seek redress in the forum state for sales of the accused product in other states, thereby sparing other states the burden of also having to provide such a forum and protecting defendants from being harassed with multiple infringement suits. *Id.* And we explained that the burden on the defendant did not appear particularly significant and was not sufficiently compelling to outweigh the plaintiff's and the forum state's interests. *Id.* at 1569. Heartland does not argue that the district court's exercise of jurisdiction is unreasonable, nor does it dispute that the balance of the plaintiff's and forum state's interests against the burdens imposed on it is any different than those in *Beverly Hills Fan*. Instead, it argues that our statement in *Beverly Hills Fan* that a forum state could hear claims for infringing acts occurring outside of the forum state was dictum. We do not agree. Heartland also argues that we ought to be guided by the Supreme Court's footnote in *Walden*. We are bound by *Beverly Hills Fan* and the Supreme Court's general statement in Footnote 6 of *Walden* cannot be read to overturn *sub silentio Beverly Hills Fan*.

CONCLUSION

Heartland's arguments are foreclosed by our long standing precedent. Heartland has thus failed to show that its right to mandamus is clear and indisputable.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

April 29, 2016                   /s/ Daniel E. O'Toole
       Date                         Daniel E. O'Toole
                                    Clerk of Court