NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In Re CORE SCIENTIFIC, INC.,**
*Petitioner*

---

2026-140

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:25-cv-00519-JRG-RSP, Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

## O R D E R

Core Scientific, Inc. petitions for a writ of mandamus seeking to compel the district court to transfer the underlying case to the United States District Court for the Western District of Texas ("WDTX").  Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Malikie") oppose.  We deny the petition.

Malikie sued Core in the United States District Court for the Eastern District of Texas ("EDTX") alleging patent infringement based on bitcoin mining.  Core moved to transfer the case to WDTX under 28 U.S.C. § 1404(a),

arguing its bitcoin mining operations were now focused in WDTX, as it terminated such operations in EDTX before the complaint was filed, turning instead to High Performance Computing ("HPC") activities in EDTX.

After the motion was briefed but before it was resolved, Malikie was granted leave of court to file an amended complaint alleging infringement from both bitcoin mining and HPC activities. Core later filed a third-party complaint against CoreWeave, Inc., seeking indemnification related to the accused HPC activities. The parties do not appear to have sought to supplement their transfer papers to address these developments. Ultimately, the district court denied Core's motion to transfer.[1] Appearing to limit its analysis to bitcoin mining activities, the court determined, among other things, that EDTX would be more convenient for several non-party witnesses with relevant and material information to issues in the litigation and that a significant share of the alleged infringement giving rise to those claims occurred in EDTX before the complaint.

To obtain this extraordinary remedy, Core must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). Core's entitlement to mandamus to direct transfer is anything but clear, at least because Core's petition fails to address the amended and third-party complaints, both of which relate to Core's ongoing activities in EDTX. *See In re Samsung Elecs. Co.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021) ("Once the respondents filed their amended complaints, the original complaints were dead letters . . . . including for purposes of venue." (cleaned up));

---

[1]　The district court adopted the magistrate judge's order, overruling Core's objections.

*see also In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

Core argues the amended complaint was merely an attempt to manipulate venue. That argument, "raised for the first time in a reply brief," is "not properly before this court." *Norman v. United States*, 429 F.3d 1081, 1091 n.5 (Fed. Cir. 2005); *see In re TC Heartland LLC*, 821 F.3d 1338, 1343 n.5 (Fed. Cir. 2016) ("[Petitioner]'s belated raising of this new argument is especially inappropriate in the context of a petition for a writ of mandamus."), *rev'd on other grounds sub nom.*, *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017). Moreover, unlike situations where a party's unilateral actions to manipulate venue were disregarded, *see, e.g., Samsung*, 2 F.4th at 1378–79 (collecting cases), here Malikie's venue allegations are based on *Core's* activities in EDTX. Under the circumstances, we cannot say Core has demonstrated entitlement to the extraordinary remedy of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

June 29, 2026
Date

Jarrett B. Perlow
Clerk of Court