(Slip Opinion) OCTOBER TERM, 2016 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## TC HEARTLAND LLC *v.* KRAFT FOODS GROUP BRANDS LLC

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 16–341. Argued March 27, 2017—Decided May 22, 2017

The patent venue statute, 28 U. S. C. §1400(b), provides that "[a]ny
civil action for patent infringement may be brought in the judicial
district where the defendant resides, or where the defendant has
committed acts of infringement and has a regular and established
place of business." In *Fourco Glass Co.* v. *Transmirra Products
Corp.*, 353 U. S. 222, 226, this Court concluded that for purposes of
§1400(b) a domestic corporation "resides" only in its State of incorpo-
ration, rejecting the argument that §1400(b) incorporates the broader
definition of corporate "residence" contained in the general venue
statute, 28 U. S. C. §1391(c). Congress has not amended §1400(b)
since *Fourco*, but it has twice amended §1391, which now provides
that, "[e]xcept as otherwise provided by law" and "[f]or all venue pur-
poses," a corporation "shall be deemed to reside, if a defendant, in
any judicial district in which such defendant is subject to the court's
personal jurisdiction with respect to the civil action in question."
§§1391(a), (c).

Respondent filed a patent infringement suit in the District Court
for the District of Delaware against petitioner, a competitor that is
organized under Indiana law and headquartered in Indiana but ships
the allegedly infringing products into Delaware. Petitioner moved to
transfer venue to a District Court in Indiana, claiming that venue
was improper in Delaware. Citing *Fourco,* petitioner argued that it
did not "resid[e]" in Delaware and had no "regular and established
place of business" in Delaware under §1400(b). The District Court re-
jected these arguments. The Federal Circuit denied a petition for a
writ of mandamus, concluding that §1391(c) supplies the definition of
"resides" in §1400(b). The Federal Circuit reasoned that because pe-

titioner resided in Delaware under §1391(c), it also resided there under §1400(b).

*Held*: As applied to domestic corporations, "reside[nce]" in §1400(b) refers only to the State of incorporation. The amendments to §1391 did not modify the meaning of §1400(b) as interpreted by *Fourco*. Pp. 3–10.

(a) The venue provision of the Judiciary Act of 1789 covered patent cases as well as other civil suits. *Stonite Products Co.* v. *Melvin Lloyd Co.*, 315 U. S. 561, 563. In 1897, Congress enacted a patent specific venue statute. This new statute (§1400(b)'s predecessor) permitted suit in the district of which the defendant was an "inhabitant" or in which the defendant both maintained a "regular and established place of business" and committed an act of infringement. 29 Stat. 695. A corporation at that time was understood to "inhabit" *only* the State of incorporation. This Court addressed the scope of §1400(b)'s predecessor in *Stonite,* concluding that it constituted "the exclusive provision controlling venue in patent infringement proceedings" and thus was not supplemented or modified by the general venue provisions. 315 U. S., at 563.

In 1948, Congress recodified the patent venue statute as §1400(b). That provision, which remains unaltered today, uses "resides" instead of "inhabit[s]." At the same time, Congress also enacted the general venue statute, §1391, which defined "residence" for corporate defendants. In *Fourco*, this Court reaffirmed *Stonite*'s holding, observing that Congress enacted §1400(b) as a standalone venue statute and that nothing in the 1948 recodification evidenced an intent to alter that status, even the fact that §1391(c) by "its terms" embraced "all actions," 353 U. S., at 228. The Court also concluded that "resides" in the recodified version bore the same meaning as "inhabit[s]" in the pre-1948 version. See *id.*, at 226.

This landscape remained effectively unchanged until 1988, when Congress amended the general venue statute, §1391(c). The revised provision stated that it applied "[f]or purposes of venue under this chapter." In *VE Holding Corp.* v. *Johnson Gas Appliance Co.*, 917 F. 2d 1574, 1578, the Federal Circuit held that, in light of this amendment, §1391(c) established the definition for all other venue statutes under the same "chapter," including §1400(b). In 2011, Congress adopted the current version of §1391, which provides that its general definition applies "[f]or all venue purposes." The Federal Circuit reaffirmed *VE Holding* in the case below. Pp. 3–7.

(b) In *Fourco*, this Court definitively and unambiguously held that the word "reside[nce]" in §1400(b), as applied to domestic corporations, refers only to the State of incorporation. Because Congress has not amended §1400(b) since *Fourco*, and neither party asks the Court

to reconsider that decision, the only question here is whether Congress changed §1400(b)'s meaning when it amended §1391. When Congress intends to effect a change of that kind, it ordinarily provides a relatively clear indication of its intent in the amended provision's text. No such indication appears in the current version of §1391.

Respondent points out that the current §1391(c) provides a default rule that, on its face, applies without exception "[f]or all venue purposes." But the version at issue in *Fourco* similarly provided a default rule that applied "'for venue purposes,'" 353 U. S., at 223, and those phrasings are not materially different in this context. The addition of the word "all" to the already comprehensive provision does not suggest that Congress intended the Court to reconsider its decision in *Fourco.* Any argument based on this language is even weaker now than it was when the Court rejected it in *Fourco. Fourco* held that §1400(b) retained a meaning distinct from the default definition contained in §1391(c), even though the latter, by its terms, included no exceptions. The current version of §1391 includes a saving clause, which expressly states that the provision does not apply when "otherwise provided by law," thus making explicit the qualification that the *Fourco* Court found implicit in the statute. Finally, there is no indication that Congress in 2011 ratified the Federal Circuit's decision in *VE Holding.* Pp. 7–10.

821 F. 3d 1338, reversed and remanded.

THOMAS, J., delivered the opinion of the Court, in which all other Members joined, except GORSUCH, J., who took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 16–341

## TC HEARTLAND LLC, PETITIONER *v.* KRAFT FOODS GROUP BRANDS LLC

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[May 22, 2017]

JUSTICE THOMAS delivered the opinion of the Court.

The question presented in this case is where proper venue lies for a patent infringement lawsuit brought against a domestic corporation. The patent venue statute, 28 U. S. C. §1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In *Fourco Glass Co.* v. *Transmirra Products Corp.*, 353 U. S. 222, 226 (1957), this Court concluded that for purposes of §1400(b) a domestic corporation "resides" only in its State of incorporation.

In reaching that conclusion, the Court rejected the argument that §1400(b) incorporates the broader definition of corporate "residence" contained in the general venue statute, 28 U. S. C. §1391(c). 353 U. S., at 228. Congress has not amended §1400(b) since this Court construed it in *Fourco*, but it has amended §1391 twice. Section 1391 now provides that, "[e]xcept as otherwise provided by law" and "[f]or all venue purposes," a corporation "shall be deemed to reside, if a defendant, in any

judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." §§1391(a), (c).  The issue in this case is whether that definition supplants the definition announced in *Fourco* and allows a plaintiff to bring a patent infringement lawsuit against a corporation in any district in which the corporation is subject to personal jurisdiction. We conclude that the amendments to §1391 did not modify the meaning of §1400(b) as interpreted by *Fourco*.  We therefore hold that a domestic corporation "resides" only in its State of incorporation for purposes of the patent venue statute.

I

Petitioner, which is organized under Indiana law and headquartered in Indiana, manufactures flavored drink mixes.[1]  Respondent, which is organized under Delaware law and has its principal place of business in Illinois, is a competitor in the same market.  As relevant here, respondent sued petitioner in the District Court for the District of Delaware, alleging that petitioner's products infringed one of respondent's patents.  Although petitioner is not registered to conduct business in Delaware and has no meaningful local presence there, it does ship the allegedly infringing products into the State.

Petitioner moved to dismiss the case or transfer venue

---

[1] The complaint alleged that petitioner is a corporation, and petitioner admitted this allegation in its answer.  See App. 11a, 60a.  Similarly, the petition for certiorari sought review on the question of "corporate" residence.  See Pet. for Cert. i.  In their briefs before this Court, however, the parties suggest that petitioner is, in fact, an unincorporated entity.  See Brief for Respondent 9, n. 4 (the complaint's allegation was "apparently inaccurat[e]"); Reply Brief 4.  Because this case comes to us at the pleading stage and has been litigated on the understanding that petitioner is a corporation, we confine our analysis to the proper venue for corporations.  We leave further consideration of the issue of petitioner's legal status to the courts below on remand.

to the District Court for the Southern District of Indiana, arguing that venue was improper in Delaware. See 28 U. S. C. §1406. Citing *Fourco*'s holding that a corporation resides only in its State of incorporation for patent infringement suits, petitioner argued that it did not "resid[e]" in Delaware under the first clause of §1400(b). It further argued that it had no "regular and established place of business" in Delaware under the second clause of §1400(b). Relying on Circuit precedent, the District Court rejected these arguments, 2015 WL 5613160 (D Del., Sept. 24, 2015), and the Federal Circuit denied a petition for a writ of mandamus, *In re TC Heartland LLC*, 821 F. 3d 1338 (2016). The Federal Circuit concluded that subsequent statutory amendments had effectively amended §1400(b) as construed in *Fourco*, with the result that §1391(c) now supplies the definition of "resides" in §1400(b). 821 F. 3d, at 1341–1343. Under this logic, because the District of Delaware could exercise personal jurisdiction over petitioner, petitioner resided in Delaware under §1391(c) and, therefore, under §1400(b). We granted certiorari, 580 U. S. \_\_\_ (2016), and now reverse.

## II

### A

The history of the relevant statutes provides important context for the issue in this case. The Judiciary Act of 1789 permitted a plaintiff to file suit in a federal district court if the defendant was "an inhabitant" of that district or could be "found" for service of process in that district. Act of Sept. 24, 1789, §11, 1 Stat. 79. The Act covered patent cases as well as other civil suits. *Stonite Products Co.* v. *Melvin Lloyd Co.*, 315 U. S. 561, 563 (1942). In 1887, Congress amended the statute to permit suit only in the district of which the defendant was an inhabitant or, in diversity cases, of which either the plaintiff or defendant was an inhabitant. See Act of Mar. 3, 1887, §1, 24

Stat. 552; see also *Stonite, supra*, at 563–564.

This Court's decision in *In re Hohorst*, 150 U. S. 653, 661–662 (1893), arguably suggested that the 1887 Act did not apply to patent cases. As a result, while some courts continued to apply the Act to patent cases, others refused to do so and instead permitted plaintiffs to bring suit (in line with the pre-1887 regime) anywhere a defendant could be found for service of process. See *Stonite, supra*, at 564–565. In 1897, Congress resolved the confusion by enacting a patent specific venue statute. See Act of Mar. 3, 1897, ch. 395, 29 Stat. 695. In so doing, it "placed patent infringement cases in a class by themselves, outside the scope of general venue legislation." *Brunette Machine Works, Ltd.* v. *Kockum Industries, Inc.*, 406 U. S. 706, 713 (1972). This new statute (§1400(b)'s predecessor) permitted suit in the district of which the defendant was an "inhabitant," or a district in which the defendant both maintained a "regular and established place of business" and committed an act of infringement. 29 Stat. 695. At the time, a corporation was understood to "inhabit" *only* the State in which it was incorporated. *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 449–450 (1892).

The Court addressed the scope of §1400(b)'s predecessor in *Stonite*. In that case, the two defendants inhabited different districts within a single State. The plaintiff sought to sue them both in the same district, invoking a then governing general venue statute that, if applicable, permitted it to do so. 315 U. S., at 562–563. This Court rejected the plaintiff's venue choice on the ground that the patent venue statute constituted "the exclusive provision controlling venue in patent infringement proceedings" and thus was not supplemented or modified by the general venue provisions. *Id.,* at 563. In the Court's view, the patent venue statute "was adopted to define the exact jurisdiction of the federal courts in actions to enforce patent rights," a purpose that would be undermined by

interpreting it "to dovetail with the general provisions relating to the venue of civil suits." *Id.*, at 565–566. The Court thus held that the patent venue statute "alone should control venue in patent infringement proceedings." *Id.,* at 566.

In 1948, Congress recodified the patent venue statute as §1400(b). See Act of June 25, 1948, 62 Stat. 936. The recodified provision, which remains unaltered today, states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U. S. C. §1400(b) (1952 ed.). This version differs from the previous one in that it uses "resides" instead of "inhabit[s]." At the same time, Congress also enacted the general venue statute, §1391, which defined "residence" for corporate defendants. That provision stated that "[a] corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." §1391(c) (1952 ed.).

Following the 1948 legislation, courts reached differing conclusions regarding whether §1400(b)'s use of the word "resides" incorporated §1391(c)'s definition of "residence." See *Fourco*, 353 U. S., at 224, n. 3 (listing cases). In *Fourco*, this Court reviewed a decision of the Second Circuit holding that §1391(c) defined residence for purposes of §1400(b), "just as that definition is properly . . . incorporated into other sections of the venue chapter." *Transmirra Prods. Corp.* v. *Fourco Glass Co.*, 233 F. 2d 885, 886 (1956). This Court squarely rejected that interpretation, reaffirming *Stonite*'s holding that §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . §1391(c)." 353 U. S., at 229. The Court observed that

Congress enacted §1400(b) as a standalone venue statute and that nothing in the 1948 recodification evidenced an intent to alter that status. The fact that §1391(c) by "its terms" embraced "all actions" was not enough to overcome the fundamental point that Congress designed §1400(b) to be "complete, independent and alone controlling in its sphere." *Id.*, at 228.

The Court also concluded that "resides" in the recodified version of §1400(b) bore the same meaning as "inhabit[s]" in the pre-1948 version. See *id.*, at 226 ("[T]he [w]ords 'inhabitant' and 'resident,' as respects venue, are synonymous" (internal quotation marks omitted)). The substitution of "resides" for "inhabit[s]" thus did not suggest any alteration in the venue rules for corporations in patent cases. Accordingly, §1400(b) continued to apply to domestic corporations in the same way it always had: They were subject to venue only in their States of incorporation. See *ibid.* (The use of "resides" "negat[es] any intention to make corporations suable, in patent infringement cases, where they are merely 'doing business,' because those synonymous words ["inhabitant" and "resident"] mean *domicile* and, in respect of corporations, mean the state of incorporation only").

## B

This landscape remained effectively unchanged until 1988, when Congress amended the general venue statute, §1391(c), to provide that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Judicial Improvements and Access to Justice Act, §1013(a), 102 Stat. 4669. The Federal Circuit in *VE Holding Corp.* v. *Johnson Gas Appliance Co.*, 917 F. 2d 1574 (1990), announced its view of the effect of this amendment on the meaning of the patent venue statute.

The court reasoned that the phrase "[f]or purposes of venue under this chapter" was "exact and classic language of incorporation," *id.*, at 1579, and that §1391(c) accordingly established the definition for all other venue statutes under the same "chapter." *Id.,* at 1580. Because §1400(b) fell within the relevant chapter, the Federal Circuit concluded that §1391(c), "on its face," "clearly applies to §1400(b), and thus redefines the meaning of the term 'resides' in that section." *Id.*, at 1578.

Following *VE Holding*, no new developments occurred until Congress adopted the current version of §1391 in 2011 (again leaving §1400(b) unaltered). See Federal Courts Jurisdiction and Venue Clarification Act of 2011, §202, 125 Stat. 763. Section 1391(a) now provides that, "[e]xcept as otherwise provided by law," "this section shall govern the venue of all civil actions brought in district courts of the United States." And §1391(c)(2), in turn, provides that, "[f]or all venue purposes," certain entities, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." In its decision below, the Federal Circuit reaffirmed *VE Holding*, reasoning that the 2011 amendments provided no basis to reconsider its prior decision.

## III

We reverse the Federal Circuit. In *Fourco*, this Court definitively and unambiguously held that the word "reside[nce]" in §1400(b) has a particular meaning as applied to domestic[2] corporations: It refers only to the State of

_____

[2] The parties dispute the implications of petitioner's argument for foreign corporations. We do not here address that question, nor do we express any opinion on this Court's holding in *Brunette Machine Works, Ltd.* v. *Kockum Industries, Inc.*, 406 U. S. 706 (1972) (determining proper venue for foreign corporation under then existing statutory

incorporation.  Congress has not amended §1400(b) since *Fourco*, and neither party asks us to reconsider our holding in that case.  Accordingly, the only question we must answer is whether Congress changed the meaning of §1400(b) when it amended §1391.  When Congress intends to effect a change of that kind, it ordinarily provides a relatively clear indication of its intent in the text of the amended provision.  See *United States* v. *Madigan*, 300 U. S. 500, 506 (1937) ("[T]he modification by implication of the settled construction of an earlier and different section is not favored"); A. Scalia & B. Garner, Reading Law 331 (2012) ("A clear, authoritative judicial holding on the meaning of a particular provision should not be cast in doubt and subjected to challenge whenever a related though not utterly inconsistent provision is adopted in the same statute or even in an affiliated statute").

The current version of §1391 does not contain any indication that Congress intended to alter the meaning of §1400(b) as interpreted in *Fourco*.  Although the current version of §1391(c) provides a default rule that applies "[f]or all venue purposes," the version at issue in *Fourco* similarly provided a default rule that applied "for venue purposes."   353 U. S., at 223 (internal quotation marks omitted).  In this context, we do not see any material difference between the two phrasings.  See *Pure Oil Co.* v. *Suarez*, 384 U. S. 202, 204–205 (1966) (construing "'for venue purposes'" to cover "all venue statutes").  Respondent argues that "'all venue purposes' means 'all venue purposes'—not 'all venue purposes *except* for patent venue.'"  Brief for Respondent 21.  The plaintiffs in *Fourco* advanced the same argument.  See 353 U. S., at 228 ("The main thrust of respondents' argument is that §1391(c) is clear and unambiguous and that its terms include all actions—including patent infringement actions").  This

———————

regime).

Court was not persuaded then, and the addition of the word "all" to the already comprehensive provision does not suggest that Congress intended for us to reconsider that conclusion.

This particular argument is even weaker under the current version of §1391 than it was under the provision in place at the time of *Fourco*, because the current provision includes a saving clause expressly stating that it does not apply when "otherwise provided by law." On its face, the version of §1391(c) at issue in *Fourco* included no exceptions, yet this Court still held that "resides" in §1400(b) retained its original meaning contrary to §1391(c)'s default definition. *Fourco*'s holding rests on even firmer footing now that §1391's saving clause expressly contemplates that certain venue statutes may retain definitions of "resides" that conflict with its default definition. In short, the saving clause makes explicit the qualification that this Court previously found implicit in the statute. See *Pure Oil*, *supra,* at 205 (interpreting earlier version of §1391 to apply "to all venue statutes using residence as a criterion, at least in the absence of contrary restrictive indications in any such statute"). Respondent suggests that the saving clause in §1391(a) does not apply to the definitional provisions in §1391(c), Brief for Respondent 31–32, but that interpretation is belied by the text of §1391(a), which makes clear that the saving clause applies to the entire "section." See §1391(a)(1) ("Except as otherwise provided by law— . . . this *section* shall govern the venue of all civil actions" (emphasis added)).

Finally, there is no indication that Congress in 2011 ratified the Federal Circuit's decision in *VE Holding*. If anything, the 2011 amendments undermine that decision's rationale. As petitioner points out, *VE Holding* relied heavily—indeed, almost exclusively—on Congress' decision in 1988 to replace "for venue purposes" with "[f]or

purposes of venue *under this chapter*" (emphasis added) in §1391(c).  Congress deleted "under this chapter" in 2011 and worded the current version of §1391(c) almost identically to the original version of the statute.  Compare §1391(c) (2012 ed.) ("[f]or all venue purposes") with §1391(c) (1952 ed.) ("for venue purposes").  In short, nothing in the text suggests congressional approval of *VE Holding*.

\* \* \*

As applied to domestic corporations, "reside[nce]" in §1400(b) refers only to the State of incorporation.  Accordingly, we reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE GORSUCH took no part in the consideration or decision of this case.