**HAND HELD PRODUCTS, INC., et al., Plaintiffs,**

v.

**The CODE CORPORATION, Defendant.**

**Civil Action No. 2:17–167–RMG**

United States District Court, D. South Carolina, Charleston Division.

Signed 07/18/2017

Eric Christopher Rusnak, K and L Gates, Washington, DC, James Walker Coleman, IV, Jennifer Hess Thiem, K & L Gates, Charleston, SC, Mark George Knedeisen, Patrick McElhinny, K&L Gates, Pittsburgh, PA, Ranjini Acharya, K and L Gates, Palo Alto, CA, Richard Ashby Farrier, Jr., for Plaintiffs.

Douglas Aaron Cawley, Richard Alan Kamprath, McKool Smith PC, Dallas, TX, Jason Alan Pittman, Tim F. Williams, Dority and Manning, Greenville, SC, Sally Corbette Newman, Charleston, SC, for Defendant.

## ORDER AND OPINION

Richard Mark Gergel, United States District Court Judge

This matter is before the Court on Defendant Code Corporation's motion to transfer or, alternatively, to dismiss for improper venue (Dkt. No. 55). For the reasons set forth below, the Court grants the motion and transfers this matter to the District of Utah.

## I. Background

Plaintiffs Hand Held Products, Intermec Technologies, and Intermec IP (collectively "Honeywell") and Defendant The Code

Corporation ("Code") compete in the 2D healthcare barcode reader market. In the present action, Honeywell asserts Code's CR2600 barcode reader infringes six patents held by Honeywell (U.S. Patent Nos. 6,607,128, 8.096,472, 6,249,008, 6,538,413, 6,039,258, 6,491,223).

Honeywell filed an amended complaint on April 14, 2017, and Code filed an amended answer on April 27, 2017. On June 19, 2017, Code moved to transfer this action to the District of Utah, where Code's principal place of business is located, or, alternatively, to dismiss the action because venue is improper in South Carolina under the Supreme Court's May 22, 2017 opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, —— U.S. ——, 137 S.Ct. 1514, 197 L.Ed.2d 816 (2017). In *TC Heartland*, the Supreme Court held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." —— U.S. ——, 137 S.Ct. 1514 at 1520, 197 L.Ed.2d 816. The Supreme Court noted that its 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), "definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation." *Id.*

Although the Supreme Court had never overruled *Fourco*, in 1990 the Federal Circuit held that *Fourco* was no longer good law because subsequent amendments to 28 U.S.C. § 1391 changed the meaning of § 1400(b). *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed. Cir. 1990). In *TC Heartland*, the Supreme Court held that *Fourco* is still good law because "[t]he current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in

*Fourco*." 137 S.Ct. at 1520. The Court further considered Congress's 2011 amendments to § 1391 and found that there was no indication "that Congress in 2011 ratified the Federal Circuit's decision in *VE Holding*." *Id.*

## II. Legal Standard

Venue is a waivable personal privilege of defendants. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of patent infringement, a corporate defendant resides in its state of incorporation. *TC Heartland LLC*, 137 S.Ct. at 1517. "[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). The plaintiff bears the burden of establishing proper venue. *Butler v. Ford Motor Co.*, 724 F.Supp.2d 575, 586 (D.S.C. 2010).

Under 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." But nothing in the statutory venue provisions "shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b). Defendants must raise improper venue in a motion made either before responsive plead-

ing or as part of the responsive pleading, or the defense is waived. Fed. Rs. Civ. P. 12(b), 12(h)(1).

A general exception to waiver exists "when there has been an intervening change in the law recognizing an issue that was not previously available." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605–06 (4th Cir. 1999). Fourth Circuit law applies in patent cases to procedural issues that are not unique to patent law. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). Some district courts have nonetheless held that Federal Circuit law should control whether an objection to venue based on § 1400(b) has been waived. *E.g., Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *1 (E.D. Tex. July 11, 2017). Federal Circuit law on the intervening law exception is substantively identical to Fourth Circuit law. *Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1377 (Fed. Cir. 2003).

## III. Discussion

### A. Waiver

Code did not contest venue before or with its first responsive pleading. To the contrary, Code admitted that venue was proper in its first answer. (Dkt. No. 28 ¶ 14 ("The Code Corporation admits that based on the allegations in the Complaint, venue may be established in this Court under 28 U.S. C. § 1391 and § 1400.").) Code later filed an amended answer in response to Honeywell's amended answer that denies venue is proper, but "[a]mendment of the complaint ... does not revive the right to interpose defenses or objections which might have been made to the original complaint." 2A Moore's Federal Practice § 12.22; *see also Rowley v. McMillan*, 502 F.2d 1326 (4th Cir. 1974) ("[W]e agree that an amendment to the pleadings permits the responding pleader to assert only such

of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."). Code filed its original answer on March 24, 2017 and its amended answer on April 27, 2017. The *TC Heartland* opinion issued on May 22, 2017. Every venue defense available on April 27 was available on March 24.

Because Code did not contest venue before or as part of its responsive pleading, the Court must determine whether *TC Heartland* qualifies for the intervening law exception to waiver, or, if not, whether Code waived its challenge to venue. Whether *TC Heartland* is an intervening change in law is a hotly debated issue at present. Patent defendants argue that *VE Holding* controlled patent venue for 27 years and that the Supreme Court denied certiorari on that very case, and that requiring defendants to raise challenges contrary to controlling Federal Circuit precedent is unreasonable. Patent plaintiffs argue that a Supreme Court opinion affirming a prior Supreme Court opinion and reversing a lower court ruling because it is inconsistent with that prior opinion cannot be fairly characterized as a "change" in the law, and that the challenge raised in *TC Heartland* was available to any litigant.

Although the issue is hotly debated, so far most courts to consider the issue have held *TC Heartland* does not qualify as an intervening change in the law. *See, e.g., Navico*, 2017 WL 2957882, at *2–3; *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-CV-04987, 2017 WL 2778006, at *5–7 (N.D. Tex. June 27, 2017); *Amax, Inc. v. ACCO*

*Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-37RWSRSP, 2017 WL 2651618, at *18–21 (E.D. Tex. June 20, 2017); *but see Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017) (holding *TC Heartland* was a change in law). One district court in this circuit has addressed the issue:

> The twenty-seven (27) year viability of *VE Holding* is certainly surprising in light of the Supreme Court's view on *Fourco*, but the circuit courts are only empowered to express the law of their circuit "[i]n the absence of a controlling decision by the Supreme Court...." *See Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986). The Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983) ("Needless to say, only this Court may overrule one of its precedents.").

Based on the Supreme Court's holding in *TC Heartland*, *Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957.

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, Civ. No. 2:15-21, 254 F.Supp.3d 836, 839, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017). Of course, the Federal Circuit did not purport to "overrule" a Supreme Court precedent. In *VE Holding*, it held as a matter of first impression that *Fourco* was superseded by a statutory amendment enacted in 1988. 917 F.2d at 1575 ("This is a case of first impression.... We hold that Congress by its 1988 amendment of 28 U.S.C. § 1391(c) meant what it said; the meaning of the term 'resides' in § 1400(b)

has changed."). In 2017, the Supreme Court held that *VE Holding* was incorrect in so holding, especially in light of a further amendment enacted in 2011. *TC Heartland*, 137 S.Ct. at 1521. Other courts addressing this issue have noted that "the extent to which a lower court, such as the Federal Circuit, has the authority to deem a Supreme Court decision overridden by an act of Congress" is "particularly unclear when the congressional act in question, such as the one reviewed by the Federal Circuit in *VE Holding*, contains no reference to the Supreme Court decision allegedly being overridden, or even the statute at issue." *iLife Techs.*, 2017 WL 2778006, at *7. The clear trend, however, is to hold that *TC Heartland* is not an intervening change in the law.

■ Waiver, however, is an equitable doctrine. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Equity is reasonable, "the judicial prevention of hardship that would otherwise ensue from the literal interpretation of a legal instrument." Equity, Black's Law Dictionary (10th ed. 2014). Even if in a literal sense it may be said that the law on patent venue has not changed since 1957, it is reasonable that litigants believe *TC Heartland* is a change in the law. Many courts considering this issue have found litigants' reliance on *VE Holding* reasonable, even if ultimately misguided. *See, e.g., In re Sea Ray Boats, Inc.*, 695 Fed.Appx. 543, 544 (Fed. Cir. 2017) (Newman, J., dissenting) ("There is little doubt that the Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC* was a change in the law of venue.... (citation omitted)); *iLife Techs.*, 2017 WL 2778006, at *7; *Elbit Sys. Land*, 2017 WL 2651618, at *20; *Cobalt Boats*, 254 F.Supp.3d at 839–40, 2017 WL 2556679, at *3. Of course, a litigant's reasonable but mistaken belief should waive a late challenge to venue if prejudice to the

plaintiff would result. If the present matter were at eve of trial—as was the case in *Cobalt Boats* in the Eastern District of Virginia—this Court would hold the venue challenge waived. But litigation in this matter has just begun. Honeywell will not be prejudiced by litigating this matter for the first time in a proper venue. It would be inequitable to deny Code the opportunity to seek proper venue, where no prejudice results to Plaintiff, simply because Code missed the venue-challenge deadline by 34 days because it reasonably relied on what nearly every litigant thought was binding precedent governing patent litigation venue for the past 27 years.

Accordingly, even if *TC Heartland* was not a change in law, on the particular facts of the present case Code has not waived its right to challenge to venue.

## B. Propriety of Venue in this District

■ The proper venue for this action is "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). It is undisputed that Code does not reside in South Carolina. Code, however, sold allegedly infringing products in South Carolina (the truth of the infringement allegation of course is disputed). South Carolina, therefore, is a proper venue for this action if and only if Code has "a regular and established place of business" in South Carolina. For purposes of patent litigation venue, a corporation has a "regular and established place of business" where it "does its business ... through a permanent and continuous presence." *Cordis*, 769 F.2d at 737.

Honeywell argues Code has a "regular and established place of business" in South Carolina because (1) Code was founded in the Charleston area in 1997, (2) Code regularly sells products in South Carolina, (3) Code advertises that it has a regional area sales manager for South Carolina, (4) Code has an employee resident in South Carolina, and (5) because "Honeywell anticipates that discovery will ultimately reveal that one of Code's distributors of the accused products in this case is located in Greenville, South Carolina." (Dkt. No. 59 at 2–3, 8–9.) Code responds with sworn statements (1) that it neither owns nor leases real property in South Carolina, (2) that it maintains no offices, facilities, or distribution centers in South Carolina, (3) that it is not licensed to do business in South Carolina, (4) that its sales representative for South Carolina is not resident in South Carolina, and (5) that it has only a single employee in South Carolina, who works from his home, who has no inventory stock, and who was only hired in December 2016. (Dkt. Nos. 55–1, 61–1.)

■ Honeywell fails to meet its burden to show venue is proper in South Carolina. Where Code was founded, the identity of its South Carolina customers, and the volume of its sales to South Carolina customers are not relevant to the § 1400(b) venue analysis. The presence of a third-party distributing Code's products also is irrelevant.[1] The only relevant allegation to support proper venue is that, since December 2016, Code has had a single employee in South Carolina. In *Cordis*, the defendant had two sales representatives resident in Minnesota, who continuously maintained inventory in Minnesota, and utilized a Minnesota secretarial service to provide

---

1. Code has provided a sworn statement that it has no distribution center in South Carolina. (Dkt. No. 61–1.) Honeywell has not directly challenged the accuracy of that statement.

The Court therefore assumes Honeywell's cryptic reference to "one of Code's distributors of the accused products" refers to a third-party distributor. (Dkt. No. 59 at 3.)

them with office support. 769 F.2d at 736–37. Here, Code has a single, recently hired employee who does not make sales or interact with customers in South Carolina and who maintains no inventory in South Carolina. That is insufficient to qualify as a "regular and established place of business." *See Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514, 516 (7th Cir. 1967) (single sales representative without office space and without inventory is insufficient under § 1400(b)). Indeed, that Code is not even licensed to do business in South Carolina is practically dispositive in determining that Code does not conduct business in South Carolina through a "permanent and continuous presence." The Court therefore concludes South Carolina is an improper venue for the present action.

### C. Transfer

■ Section 1406(a) requires district courts to dismiss a case filed in an improper venue, or, if in the interest of justice, to transfer the case to an appropriate district. The "interest of justice" has been interpreted, in the context of § 1404, to include factors like "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1260 (E.D. Va. 1988). Under the plain language of § 1406(a), dismissal, not transfer, is the default disposition of a case filed in an improper venue. Transfer, unlike dismissal, potentially restricts the plaintiff's ability to choose a proper venue, and so transfer should occur only occur when relevant factors show transfer instead of dismissal to be in the interest of justice.

■ The Court finds the pendency of a related action in the District of Utah to be a decisive factor in favor of transfer to Utah. Code filed a declaratory action against Honeywell arising from the same patents at issue in this case three days before filing the present motion to transfer. Code's obvious purpose in filing that action is, as Honeywell objects, to "manufacture a basis for transfer." (Dkt. No. 59 at 14.) Code has succeeded in that purpose. Venue is proper in Utah but not here.[2] Were this Court to dismiss this action and were Honeywell then to refile somewhere other than Utah, the first-to-file rule would likely compel transfer of that refiled action to Utah. In the interest of justice, this action is transferred to Utah now to avoid pointless intermediate proceedings in some third district.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to transfer this action to the District of Utah (Dkt. No. 55) is **GRANTED.**

**AND IT IS SO ORDERED.**

---

2. Honeywell argues "nothing in this record that establishes proper venue in Utah" but that is simply incorrect. All parties admit Code maintains a regular and established business in Utah (*E.g.,* Dkt. No. 37 ¶ 7) and it is implausible that Code has never sold an allegedly infringing scanner in its home state (Code claims it has sold such scanners in Utah (Dkt. No. 61 at 12)). Further, Code's successful motion to transfer to Utah judicially estops Code from challenging venue in Utah. Honeywell's argument that it is not subject to personal jurisdiction in Utah as a defendant in Code's pending declaratory action is an argument that must be made in the District of Utah.