NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: FLOPAM INC., CHEMTALL, INC.,**
*Petitioners*

---

2018-107

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Texas in No. 4:14-CV-02733, Judge Vanessa D. Gilmore.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, MOORE and O'MALLEY, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

## ORDER

Flopam Inc. and Chemtall, Inc. petition for a writ of mandamus directing the United States District Court for the Southern District of Texas to dismiss this case for improper venue or, alternatively, to transfer to the United States District Court for the Southern District of Georgia. Specifically, petitioners argue that the district court clearly abused its discretion in determining that their venue defense had been waived and that the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods*

*Group Brands LLC*, 137 S. Ct. 1514 (2017) did not constitute an intervening change in law. Respondent BASF Corporation opposes. Petitioners reply. The petitioners also move to stay the district court proceedings pending consideration of the petition.

We recently held that the Supreme Court's decision in *TC Heartland* effected a relevant change in law and, more particularly, that failure to present the venue objection earlier did not come within the waiver rule of Federal Rule of Civil Procedure 12(g)(2) and (h)(1). *In re Micron Tech., Inc.*, No. 17-138 (Fed. Cir. Nov. 15, 2017). In light of that decision, we deem it the proper course here for petitioners to first move the district court for reconsideration of its order denying the motion to dismiss. We therefore deny the petition for a writ of mandamus. Any new petition for mandamus from the district court's ruling on reconsideration will be considered on its own merits.

With respect to the motion to stay, though we deny the motion as moot, we note that United States Court of Appeals for the Fifth Circuit has noted that matters of venue should take "top priority in the handling of this case by the . . . District Court." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion to stay is denied as moot.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s24