NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re: CUTSFORTH, INC.,**
*Petitioner*

---

2017-135

---

On Petition for Writ of Mandamus to the United States District Court for the District of Minnesota in No. 0:12-cv-01200, Judge Susan Richard Nelson.

---

**ON PETITION**

---

Before TARANTO, CHEN, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge.*

## O R D E R

Cutsforth, Inc., petitions for a writ of mandamus directing the United States District Court for the District of Minnesota to vacate its order transferring this case to the United States District Court for the Western District of Pennsylvania. Defendants MotivePower, Inc., LEMM Liquidating Company, LLC, and Westinghouse Air Brake Technologies Corporation oppose.

This petition stems from a suit filed by Cutsforth in May 2012 in the District of Minnesota accusing defendants of patent infringement. Defendants did not initially

dispute the propriety of venue; to the contrary, their several answers to Cutsforth's complaint admitted the complaint's allegation of venue. Proceedings were stayed pending *inter partes* review of the asserted patents until the district court lifted the stay in September 2016.

After the Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), defendants moved for leave to amend their answers to assert a defense of improper venue and to transfer the case under 28 U.S.C. § 1406(a). They argued that the requirements of 28 U.S.C. § 1400(b) were not satisfied as now understood in light of *TC Heartland*. And they argued that *TC Heartland* was an intervening change of law such that their failure to make a venue objection earlier was not a waiver of the objection under Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A).

The district court agreed with defendants that, before *TC Heartland*, they did not have available to them the argument that, because they are not incorporated in Minnesota, they did not "reside[]" there under § 1400(b). Mem. Op. & Order, *Cutsforth, Inc. v. LEMM Liquidating Co., LLC, et al.*, No. 12-cv-1200 (D. Minn. Aug. 4, 2017), Dkt. No. 419, at 6–9. For that reason, the court held that they did not waive their venue objection under Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A). *Id.* at 5, 9–10.

The court went on to note "the waste of judicial resources after five years of litigation, and the burden that must now be imposed on a district unfamiliar with this case," and to state "that [a] transfer will lead to additional cost and delay and unquestionably prejudices Cutsforth." *Id.* at 12–13. Even so, the court concluded, "the law of venue exists for the convenience of defendants, not plaintiffs, and under 28 U.S.C. § 1406(a), prejudice to the plaintiff is not a relevant consideration." *Id.* at 12. The court therefore granted the motion and transferred the

case to the Western District of Pennsylvania. *See Cutsforth, Inc. v. LEMM Liquidating Co., LLC, et al.*, No. 17-cv-1025-CB (W.D. Pa.).

Cutsforth then filed this petition for a writ of mandamus. Cutsforth argues that the transfer order should be vacated because the district court erred in its analysis of whether the venue defense was waived in this case.

A party seeking a writ bears the burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (citation and internal quotation marks omitted). The court must also be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).

We recently held that the Supreme Court's decision in *TC Heartland* effected a relevant change of law and, more particularly, that failure to present the venue objection earlier did not come within the waiver rule of Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A). *In re Micron*, No. 17-138 (Fed. Cir. Nov. 15, 2017). We further explained, however, that Rule 12(h)(1) is not the only non-merits basis on which a defendant might lose a venue defense. *Id.* at 13. In light of *In re Micron*, the district court in the present case here clearly erred in not considering non-Rule 12 bases for waiver raised by Cutsforth. Mandamus relief is therefore appropriate to direct the court to reconsider its decision in light of *In re Micron*.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's order granting defendants' motion to transfer for improper venue is vacated, and the court is instructed to recall any

4                                                    IN RE: CUTSFORTH, INC.

case files from the U.S. District Court for the Western
District of Pennsylvania. The case is remanded for fur-
ther proceedings consistent with this opinion.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32