NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**In re: ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, ACER INC., ACER AMERICA CORPORATION,**
*Petitioners*

———————————

2017-131, -132

———————————

On Petitions for Writ of Mandamus to the United States District Court for the District of Delaware in Nos. 1:15-cv-01125-GMS and 1:15-cv-01170-GMS, Judge Gregory M. Sleet.

———————————

**ON PETITION**

———————————

Before TARANTO, CHEN, and HUGHES, *Circuit Judges*.

TARANTO, *Circuit Judge*.

## O R D E R

In these patent infringement suits, which have been consolidated for certain pre-trial proceedings and consolidated for purposes of these mandamus petitions, ASUS-Tek Computer Inc. and ASUS Computer International (collectively, ASUSTek), and Acer Inc. and Acer America Corp. (collectively, Acer), petition for a writ of mandamus that would direct the United States District Court for the

District of Delaware to grant their joint motion to transfer these cases to the United States District Court for the Northern District of California. Specifically, ASUSTek and Acer argue that the district court clearly abused its discretion in determining that their venue defense had been waived and that the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), did not constitute an intervening change of law. Koninklijke Philips N.V. and U.S. Philips Corporation oppose.

We recently held that the Supreme Court's decision in *TC Heartland* effected a relevant change of law and, more particularly, that failure to present the venue objection earlier did not come within the waiver rule of Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A). *In re Micron*, No. 17-138 (Fed. Cir. Nov. 15, 2017).[1] In light of that decision, we deem it the proper course here for Acer and ASUSTek to first move the district court for reconsideration of its order denying their joint motion to transfer. We therefore deny the petitions for a writ of mandamus. Any new petitions for mandamus from the district court's ruling on reconsideration will be considered on their own merits.

Accordingly,

IT IS ORDERED THAT:

The petitions are denied.

---

[1] ASUSTek and Acer did in fact raise a venue objection at the time they filed their first motion to dismiss in March 2016, but they withdrew the objection in June 2016 after the issuance of *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016).

IN RE: ASUSTEK COMPUTER INC.                                          3

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32