# United States Court of Appeals for the Federal Circuit

---

**In re: OATH HOLDINGS INC.,**
**fka Yahoo Holdings, Inc.,**
*Petitioner*

---

2018-157

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of New York in No. 1:16-cv-01557-ILG-SMG, Senior Judge Israel Leo Glasser.

---

CHARLES KRAMER VERHOEVEN, Quinn Emanuel Urquhart & Sullivan, LLP, San Francisco, CA, for petitioner Oath Holdings Inc. Also represented by MILES DAVENPORT FREEMAN, Los Angeles, CA; PATRICK D. CURRAN, JOHN THOMAS MCKEE, New York, NY.

IAN B. CROSBY, Susman Godfrey LLP, Seattle, WA, for respondent AlmondNet, Inc., Datonics, LLC, Intent IQ, LLC. Also represented by LOUIS JAMES HOFFMAN, Hoffman Patent Firm, Scottsdale, AZ.

---

**ON PETITION**

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

**O R D E R**

This is the second petition for a writ of mandamus filed by Oath Holdings Inc. (formerly known as Yahoo Holdings, Inc.) to challenge the district court's conclusion that Oath missed its opportunity to object to venue in the Eastern District of New York for the patent case filed against it. When Oath first sought mandamus, we denied the request, stating that Oath should ask the district court to reconsider its initial conclusion in light of *In re Micron Technology, Inc.*, 875 F.3d 1091 (Fed. Cir. 2017). Oath made that request to the district court, but the court reached the same conclusion it had reached earlier and denied the request for dismissal or transfer. We now grant mandamus and remand with the instruction that the district court either dismiss or transfer the case.

I

In March 2016, AlmondNet, Inc., Datonics, LLC, and Intent IQ, LLC—the respondents in this court—sued Oath in the United States District Court for the Eastern District of New York, alleging patent infringement. Certain facts relevant to venue are undisputed as this matter has come to us: although Oath conducts business in the State of New York, it is incorporated in Delaware, and it does not have "a regular and established place of business" in the Eastern District within the meaning of the venue provision for patent cases, 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").

In July 2016, Oath moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim but did not include an objection to venue under Rule 12(b)(3). Oath later withdrew its Rule 12 motion, and in January 2017, it filed an answer to respondents' complaint. In that answer, Oath both admit-

ted the complaint's venue allegations and expressly "reserve[d] the right to challenge venue based upon any change in law, including the Supreme Court's upcoming decision in *TC Heartland LLC v. Kraft Foods Group Brands, LLC*, No. 16-341." Appx. 38. One month earlier, the Supreme Court had granted certiorari in that case to address the meaning of 28 U.S.C. § 1400(b).

On May 22, 2017, the Supreme Court issued its decision. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). The Court held that, under § 1400(b), "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *Id.* at 1517. The Court rejected the holding of this court's longstanding precedent, *VE Holding Corp. v. Johnson Gas Appliance Co.*, that a domestic corporation "resides," for purposes of § 1400(b), in any judicial district in which the defendant is subject to personal jurisdiction. *See* 917 F.2d 1574, 1577–78 (Fed. Cir. 1990) (reading § 1400(b) to incorporate the definition of "resides" in the 1988 version of 28 U.S.C. § 1391(c)); *see also In re TC Heartland LLC*, 821 F.3d 1338, 1341–43 (Fed. Cir. 2016) (finding no basis in the 2011 amendments to § 1391 to depart from our holding in *VE Holding*).

On June 12, 2017, within 21 days of the Supreme Court's decision in *TC Heartland*, Oath filed a motion, pursuant to Rule 12(b)(3), to dismiss for improper venue. It argued that, given *TC Heartland*'s holding as to the narrow meaning of "resides," the requirements of § 1400(b) are not satisfied: Oath is not incorporated in New York; and it undisputedly lacks a regular and established place of business in the Eastern District. Respondents opposed, but not by arguing that venue is proper in this case. Rather, they argued that Oath had waived its venue defense under Rule 12(g)(2) and 12(h)(1) because that defense was "available" at the time that Oath filed its July 2016 Rule 12 motion (before *TC Heartland*), yet Oath had failed to present the defense in that motion.

The district court agreed with respondents that Oath had waived its venue defense and therefore denied Oath's venue motion. *AlmondNet, Inc. v. Yahoo! Inc.*, No. 1:16-cv-01557-ILG-SMG (E.D.N.Y. Sept. 1, 2017), ECF No. 82.

In October 2017, Oath petitioned this court for a writ of mandamus that would direct the district court to grant the motion to dismiss. In November 2017, while that petition was pending, this court held in *Micron* that "*TC Heartland* changed the controlling law in the relevant sense: at the time of the initial motion to dismiss, before the Court decided *TC Heartland*, the venue defense now raised by Micron (and others) based on *TC Heartland*'s interpretation of the venue statute was not 'available,' thus making the waiver rule of Rule 12(g)(2) and (h)(1)(A) inapplicable." 875 F.3d at 1094. The court also ruled that, under 28 U.S.C. § 1406(b) and district courts' background case-management authority, venue rights might nevertheless be found forfeited by delay in asserting them in some circumstances. *Micron*, 875 F.3d at 1100–02. This court then denied Oath's petition for mandamus in light of *Micron*, stating:

> We recently held that the Supreme Court's decision in *TC Heartland* effected a relevant change in the law and, more particularly, that failure to present the venue objection earlier did not come within the waiver rule of Federal Rule of Civil Procedure 12(g)(2) and (h)(1). In light of that decision, we deem it the proper course here for Yahoo to first move the district court for reconsideration of its order denying the motion to dismiss.

*In re Yahoo Holdings Inc.*, 705 F. App'x 955, 956 (Fed. Cir. 2017) (internal citation omitted).

Oath promptly moved the district court for reconsideration, and respondents filed a cross-motion to transfer to either the Southern District of New York or the District

of Delaware if the Eastern District of New York was found to be an improper venue for the case. More than eight months later, the district court denied Oath's motion. Most of the court's opinion explains why the court was rejecting Oath's "assertion that I was wrong in deciding that *TC Heartland* did not change the law." *AlmondNet, Inc. v. Yahoo! Inc.*, No. 1:16-CV-01557-ILG-SMG, 2018 WL 3998021, at \*7 (E.D.N.Y. Aug. 21, 2018). The district court essentially concluded that *TC Heartland* did not change the law at the Supreme Court level because it reaffirmed *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957). But the district court failed to follow *Micron*, where we explained that *TC Heartland* "changed the controlling law" at the circuit level. *Micron*, 975 F.3d at 1098–99. Indeed, the district court recognized that its "reading of *TC Heartland . . .* is completely inconsistent with the two defining issues decided in *Micron*." 2018 WL 3998021, at \*5. At the end of the district court's opinion is a brief passage addressing forfeiture apart from Rule 12(g)(2) and (h)(1)(A): "I incorporate by reference the docket sheet for this case and rest in confident reliance upon the rule of *res ipsa loquitur*." *Id.* at \*8. Having denied Oath's motion, the district court denied respondents' cross-motion to transfer as moot. *Id.*

Oath now petitions for a writ of mandamus once again, asking us to direct the district court to dismiss the action. Respondents oppose, seeking to defend the district court's decision not to follow our ruling in *Micron*. They contend, among other things, that *Micron* is not controlling because it arose out of a district court case from within the First Circuit and the present case comes from within the Second Circuit, which "applies a standard for waiver different from that discussed in *In re Micron*." Resp. to Pet. For Writ of Mandamus 3. Respondents also argue that, if we find mandamus appropriate, we should

not require dismissal, but instead should include the possibility of transfer in the alternative.[1]

## II

## A

The court may issue a writ of mandamus as "necessary or appropriate in aid of [its] . . . jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Mandamus relief is reserved for "exceptional circumstances" under generally demanding standards, *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted), and we have made clear that ordinarily it is not available for rulings on motions under 28 U.S.C. § 1406(a), *see In re HTC Corp.*, 889 F.3d 1349, 1352–54 (Fed. Cir. 2018). But "[m]andamus may be used in narrow circumstances where doing so is important to 'proper judicial administration.'" *Micron*, 875 F.3d at 1095 (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957)). Given our on-point ruling in *Micron*, our order on Oath's first mandamus petition based directly on *Micron*, and the district court's reasoning in nevertheless standing by its initial conclusion, we think that this case involves a narrow and exceptional circumstance in which mandamus is important for proper judicial administration.

There is no dispute that venue in the Eastern District of New York in this case is contrary to § 1400(b). The only question is whether Oath waived or forfeited the right to have the case dismissed on that basis by waiting too long to invoke it. The district court answered yes to

---

[1]    Oath requests that we order this case to be reassigned to a different judge within the Eastern District. Given our conclusion that this case must be dismissed or transferred outside the Eastern District, we deny Oath's reassignment request.

that question. The district court's principal ground for doing so, however, rests on its failure to follow our directly controlling *Micron* precedent addressing the issue of waiver under Rule 12(g)(2) and (h)(1) as applied to *TC Heartland*'s rejection of this court's earlier, longstanding *VE Holding* precedent.

Respondents contend that *Micron* does not apply because it arose under First Circuit law, while this case arises under Second Circuit law. But the result cannot change here on that basis. *Micron* noted that it was not deciding whether Federal Circuit law or relevant regional circuit law governed the waiver issue. *Micron*, 875 F.3d at 1097 n.3. We made clear, however, that the interpretation of § 1400(b), a patent-specific statute, including its relation to § 1391, is a matter of Federal Circuit law, not regional circuit law (subject, of course, to Supreme Court law). *Id.* at 1098. And we have subsequently held that the burden of persuasion on venue under § 1400(b) is a matter of our law. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012–13 (Fed. Cir. 2018). We conclude that issues of waiver or forfeiture of patent-venue rights under § 1400(b) and § 1406(a) are likewise governed by our law.

In any event, the district court did not cite, and respondents have not cited, any Second Circuit decision on change of law, let alone a decision in the context of Rule 12(g)(2) and (h)(1), that finds *no* relevant change of law where binding circuit precedent (on § 1400(b) here) is overturned. To the contrary, the Second Circuit's decision in *Gucci America, Inc. v. Li*, 768 F.3d 122, 135–36 (2d Cir. 2014), which *Micron* cites, supports Oath, not respondents: the Second Circuit in *Gucci*, like this court in *Micron*, found a waiver-excusing change of law when binding circuit precedent was overturned. The Second Circuit's decision in *Holzsager v. Valley Hospital*, 646 F.2d 792, 794–96 (2d Cir. 1981), which *Micron* also cites, is to the same effect, finding no Rule 12(h)(1) waiver where the Supreme Court repudiated circuit precedent that gov-

erned earlier in the case. The only authority that respondents suggest is to the contrary is *In re Vivendi, S.A. Securities Litigation*, 838 F.3d 223, 244 (2d Cir. 2016), but respondents are incorrect: *Vivendi* did not involve any overturning of binding circuit precedent that earlier would have precluded a district court from accepting an argument.

For those reasons, *Micron* answers the entire question of waiver under Rule 12(g)(2) and (h)(1) for purposes of this case: there was no such waiver. In what is nearly the only basis for the district court's denial of Oath's venue motion, the district court clearly erred in not following the *Micron* precedent giving that answer. That error warrants mandamus relief.

B

The remaining question is whether there is an alternative ground to deny mandamus relief from the district court's rejection of Oath's objection to venue. In *Micron*, we noted the existence of a non-Rule 12 basis for a defendant's forfeiting the right to assert a venue objection under § 1406, and we explained that discretion under "[t]his authority must be exercised with caution" to avoid impairment of, among other things, the congressionally granted venue rights. 875 F.3d at 1101. We explained that "exercise of the authority certainly may rest on sound determinations of untimeliness or consent." *Id.* We also provided an example of "a scenario that presents at least an obvious starting point for a claim of forfeiture" on a non-Rule 12 ground: "a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration." *Id.* at 1102. We further noted that "we have denied mandamus . . . in several cases involving venue objections based on *TC Heartland* that were presented close to trial." *Id.*

The district court's passing reference to a non-Rule 12 ground is not a basis for denying mandamus relief from the order rejecting Oath's venue motion. The district court provided no analysis of why the circumstances of this case made a finding of forfeiture under § 1406(b) a sound exercise of discretion. Nor have respondents presented to us any argument that would warrant remanding for further analysis. *See In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018) (granting mandamus and finding it unnecessary to remand for consideration of forfeiture when it was clear that no ground for finding forfeiture existed).

Respondents' arguments establish no legitimate basis for concluding that Oath forfeited its § 1406(a) right to seek dismissal or transfer for lack of venue under § 1400(b). Respondents point to the fact that Oath admitted to venue in its answer and Oath's extensive participation before the Supreme Court decided *TC Heartland*. But Oath cannot be faulted for waiting to present a venue objection until after *TC Heartland* was decided, where the case was in an early stage, the defense could not properly have been adopted by the district court at the time, and Oath's answer expressly put respondents and the district court on notice that Oath was watching *TC Heartland* to see if the defense would become available. Respondents also cannot reasonably argue that Oath failed to seasonably raise its defense once available: Oath filed its motion to dismiss within 21 days of the Court's *TC Heartland* decision. *See BigCommerce*, 890 F.3d at 982 (finding no basis to remand in part because defendant filed its motion within two weeks of the issuance of *TC Heartland*). Nor do respondents identify any conduct post-*TC Heartland* that would indicate in any way that Oath somehow consented or submitted to venue.

Respondents gain no further ground in pointing out that Oath did not take the opportunity to seek transfer to another venue under a different statutory provision, *i.e.*,

28 U.S.C. § 1404(a), before moving to dismiss for improper venue. The statutory rights under §§ 1400(b) and 1406(a) are independent of the convenience-based rights under § 1404(a). And Oath's choices in this case involve nothing close to the type of "wait-and-see" tactical behavior that *Micron* suggested was a potential basis for forfeiture. 875 F.3d at 1102; *see also In re FedEx Corp.*, No. 18-117 (Fed. Cir. Jan. 23, 2018) (per curiam), ECF No. 26 (indicating that it would not have been error for the district court to find forfeiture if the defendant had purposely delayed asserting its venue defense once available in hopes of receiving a favorable decision on patent invalidity from the Patent and Trademark Office that could lead to a more advantageous litigation position in the district court proceeding).

Finally, respondents have not shown that the judicial interest in economy could support a determination of forfeiture of venue rights. As of June 2017, when Oath filed its motion, or September 2017, when the district court first ruled, the case was nowhere close to trial. Even today, as far as we have been informed, the case has not progressed past written discovery and claim construction briefing. The record simply does not indicate the type of significant judicial investment that might, in some circumstances, support a determination of forfeiture.

## III

We conclude that Oath has not waived or forfeited its venue rights. Because it is undisputed that venue is improper in the Eastern District of New York, the case may not remain there. Under § 1406(a), the district court now must either dismiss the case or transfer the case to a "district or division in which it could have been brought."

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted, the orders denying Oath's motion to dismiss for improper venue and motion for reconsideration are vacated, and the case is remanded for the limited purpose of either dismissing the case or transferring it to a proper venue outside the Eastern District of New York.


 November 14, 2018           /s/ Peter R. Marksteiner
      Date                   Peter R. Marksteiner
                             Clerk of Court